998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Peck WILLIAMS, Defendant-Appellant.
 No. 92-5857.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 6, 1993.
Decided: July 14, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-111-A)
 ARGUED: Robert Stanley Powell, ROBERT STANLEY POWELL & ASSOCIATES, P.C., Alexandria, Virginia, for Appellant.
 Ilisa Joy Rossum, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 ON BRIEF: Linda S. Chapman, ROBERT STANLEY POWELL & ASSOCIATES, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Thomas H. McQuillan, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Gregory Peck Williams appeals his conviction for making a false statement in connection with the purchase of a firearm. The sole issue raised on appeal is the sufficiency of the evidence. Finding no error, we affirm.
 
 
 2
 * The statute of conviction, 18 U.S.C. § 924(a)(1)(A), provides:
 
 
 3
 [W]hoever ... knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter ... shall be fined not more than $5000, imprisoned not more than five years, or both.
 
 
 4
 The "information required" includes the purchaser's address. See 27 C.F.R. § 178.124(c) (1991).
 
 
 5
 On January 7, 1992, Williams attempted to purchase a pistol from a federally licensed dealer in Alexandria, Virginia. On a form required for the completion of the purchase[1], he represented that he resided at "3816 Port Hope Point, Triangle, Va." Williams now concedes that he did not reside at the Port Hope Point address, and the evidence demonstrated that he had never stayed there since 1986 or 1987. His argument is that because he had no permanent fixed address and he continued to use the Port Hope Point address for the "important affairs in his life,"[2] the government failed to prove that he actually knew that the address was not his residence.
 
 
 6
 Attacks on the sufficiency of the evidence are reviewed under the familiar standard enunciated in Jackson v. Virginia, 443 U.S. 307, 319 (1979): "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." "Proof that a statement of particular fact is known to be false is seldom possible by direct evidence; reliance usually must be placed on circumstantial evidence of the defendant's necessary knowledge of related facts and of his conduct evincing knowledge." United States v. Hester, 880 F.2d 799, 803 (4th Cir. 1989). We do not hesitate in holding that the government adduced sufficient evidence from which a jury could infer that Williams had actual knowledge of the falsity of the response given on the purchase form.
 
 
 7
 Williams used whatever address the situation called for. For instance, when he applied for food stamps in the District of Columbia in November, 1991, and April, 1992, he used an address in the District. Williams testified that he realized that he could not have purchased the pistol if he had listed a District of Columbia address on the ATF form. ATF agent Hine testified that he had spoken to Williams in October, 1991, and informed him about the federal laws regarding incorrect information given with regard to firearm purchases. Hine also stated that, when pressed, Williams admitted that he did not live at the Port Hope Point address. The evidence clearly suffices.
 
 AFFIRMED
 
 
 [1]
 Department of Treasury, Bureau of Alcohol, Tobacco and Firearms [ATF] Form 4473. See 27 C.F.R. § 178.124 (1991)
 
 
 [2]
 Appellant's brief at 9